IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES RAY BOLTON, #79611                                                            PLAINTIFF

VERSUS                                                   CIVIL ACTION NO.  2:06cv039KS-MTP

RON KING, et al.                                                                      DEFENDANTS

ORDER

This cause comes before this Court on plaintiff's Motion for Temporary Restraining Order  [21-1].  The Court upon consideration of the plaintiff's Motion for Temporary Restraining Order  [21-1] has come to the following conclusion.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co. , 760 F.2d 618 (5th Cir. 1985)  citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974).  The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order.  Id. at 572.  The four prerequisites are:  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  Id. at 572.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order.  Mississippi Power & Light Co., 760 F.2d at 621.  In considering these prerequisites the court must bear in mind that a temporary restraining order is an     extraordinary and drastic

remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  Id. at 573.

This Court will be able to render a meaningful decision without granting a temporary restraining order.  There is no substantial threat that plaintiff will suffer irreparable injury if the temporary restraining order is not granted.  In light of the foregoing prerequisites and standards, it is clear that plaintiff's motion for a temporary restraining order should be denied without a hearing.  Plaintiff's motion fails to meet each of the four prerequisites stated above.  Therefore, it is hereby,

ORDERED that plaintiff's Motion for a Temporary Restraining Order [21-1] is DENIED.

SO ORDERED, this the 26th day of September, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE