**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**CHARLES RAY BOLTON**                                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 2:06cv39-MTP**

**BOBBY KING,** *et al.*                                                **DEFENDANTS**

### OPINION AND ORDER

THIS MATTER is before the court on the Motions for Summary Judgment [56] [59] filed by Defendants Bobby King and Louis Kittrell, and *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).[1]  The court, having considered the submissions of the parties and the applicable law, finds that the Motions should be GRANTED and that this action should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff, Charles Ray Bolton, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on January 1, 2006.  Plaintiff is currently incarcerated at the East Mississippi Correctional Facility, after having been convicted of attempted robbery in Forrest County in 1998.  Through his complaint and amended complaints, and as clarified during his *Spears*[2] hearing, Plaintiff asserted claims for the denial and/or delay of adequate medical care, denial of access to the courts, and property deprivation.  *See* Scheduling and Case Management Order [52].  The events in Plaintiff's complaints allegedly occurred while

_____

[1]Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's *Spears* hearing occurred on April 2, 2008.  The transcript from Plaintiff's *Spears* hearing is cited herein as "Tr. __."  *See* Ex. A to Motion [59-2; 59-3].

he was incarcerated at the South Mississippi Correctional Institution ("SMCI").

In his complaints, Plaintiff named the following Defendants: Bobby King, Louis Kittrell, Ron King, Brenda Sims, and Lloyd Beasley.  Defendant Brenda Sims was dismissed by Order [22] dated September 25, 2006; Defendant Ron King was dismissed by Order [25] dated October 20, 2006; and Defendant Lloyd Beasley was dismissed by Order [49] dated March 7, 2008. Accordingly, the two remaining Defendants before the court are Bobby King and Louis Kittrell.

On June 25, 2008, Defendant Louis Kittrell filed his Motion for Summary Judgment [56]. On June 30, 2008, Defendant Bobby King filed his Motion for Summary Judgment [59].  On July 16, 2008, the court entered an Order [61] directing Plaintiff to respond to the Motions [56][59] by August 1, 2008.  On July 25, 2008, Plaintiff filed his Response [62] in opposition to the Motions.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy

regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871,

902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or

the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th

Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the

absence of proof, the court does not "assume that the nonmoving party could or would prove the

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis

omitted).

Additionally, because Plaintiff is proceeding *in forma pauperis* in this action, his

complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates

dismissal "at any time" if the court determines that the action "fails to state a claim on which

relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440

(5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming

appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if

it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir.

1995). This court is "vested with especially broad discretion in making the determination of

whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.

1986).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section

3

1983  "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."  *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).  Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Thompkins*, 828 F.2d at 304.

<u>Denial of Adequate Medical Care</u>

Plaintiff alleges that he was denied adequate medical treatment for his broken hand and was deprived of his "psych medication" while he was in lockdown for approximately six months. (Tr. 7.)  Specifically, Plaintiff claims that he broke his hand on October 10, 2005, and he had to wait "ten days to . . . [see] a doctor in the field or the profession to fix [his] hand."  (Tr. 7-8.)  He

also claims that he was placed in lockdown on November 9, 2005, and did not receive his "psych medication or psych counseling" from that date through May 2006.  (Tr. 9, 19.)  Plaintiff alleges that he needed the medication for depression, schizophrenia, paranoid delusions, and stress.  As a result of the deprivation, Plaintiff claims he got depressed and went on a hunger strike, and the jail officials "finally let [him] out." (Tr. 10.)   Plaintiff alleges that Bobby King is liable as the Medical Administrator of SMCI, because it is his responsibility to make sure inmates receive proper medical care.  (Tr. 8.)

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain."  *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Deliberate indifference "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."  *Farmer*, 511 U.S. at 838.   "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

5

A supervisory prison official, such as Defendant Bobby King, may only be held liable for the actions of a subordinate if he "'affirmatively participate[s] in acts that cause constitutional deprivation' or 'implement[s] unconstitutional policies that causally result in plaintiff's injury.'" *Johnson v. Scott*, 31 Fed. Appx. 836, 2002 WL 243359, at *1 (5th Cir. Jan. 23, 2002) (quoting *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). A prisoner is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. CIVA 403CV141WHBJCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that when Plaintiff injured his hand on October 10, 2005, he was sent to the medical clinic and a medical staff member wrapped his hand. (Tr. 8.) Plaintiff testified that his hand was x-rayed two days later and the doctor told him he needed to see a bone specialist. (Tr. 8-9.) Plaintiff was treated by an orthopedist on October 19, 2005, and a cast was applied to his hand. *See* Ex. C to Motion [59-4]; (Tr. 9.). The record simply does not support Plaintiff's claims that Mr. King was deliberately indifferent or that Plaintiff suffered substantial harm.

Regarding the alleged denial of Plaintiff's psychiatric medications, the medical records submitted by Defendant Bobby King indicate that Plaintiff was seen by a nurse or doctor on at least two occasions after he was placed in lockdown, and there is no evidence that Plaintiff

requested psychiatric treatment or medication or complained of depression. *See* Ex. C to Motion [59-4]. Once again, the record does not support Plaintiff's claim that Bobby King was deliberately indifferent to his serious medical needs.

Plaintiff testified that he sued Bobby King because he is the Health Services Administrator of SMCI and is responsible for ensuring that inmates get proper medical care. Plaintiff further testified that Bobby King had no personal involvement with his medical care and he never had any discussions with Mr. King about his medical care.

In his unsworn Response [62] to Bobby King's Motion [59], Plaintiff claims, for the first time, that Mr. King was aware of his hand injury and his need for urgent medical attention. He also states that correctional officers "spoke with Mr. Bobby King about my situation." *See* Response [62] at 3. He further alleges that Mr. King and his officials were aware that he was denied psychiatric medication for five to six months while he was in lockdown. "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Accordingly, because Plaintiff has failed to demonstrate that Bobby King was personally involved in the alleged denial of his adequate medical treatment or that Mr. King implemented an unconstitutional policy that causally resulted in an injury to Plaintiff, he has failed to establish a constitutional violation. *See Johnson*, 2002 WL 243359, at *1; *Stewart v. Murphy*, 174 F.23d 530, 536 (5th Cir. 1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Hailey v. Savers*, 240 Fed. Appx. 670, 672 (5th Cir. 2007) (affirming dismissal of prison medical administrator because

plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]").

Based on the foregoing, Plaintiff has failed to establish the existence of a genuine issue of material fact as to whether Defendant Bobby King was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

<u>Denial of Access to the Courts</u>

Plaintiff alleges that he was denied access to the courts while he was incarcerated in SMCI. Specifically, Plaintiff claims that on November 9, 2005, he was involved in an altercation, and Louis Kittrell, the officer on duty, ordered another officer to take his personal and legal property. (Tr. 12.) He claims his legal materials were never returned, and as a result, his habeas corpus petition pending in the United States Court of Appeals for the Fifth Circuit was dismissed as time-barred. (Tr. 16.)

In order to state a constitutional violation for denial of access to the courts, Plaintiff must show a "relevant actual injury" caused by the Defendant's alleged unconstitutional conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Cartner v. Lowndes County*, 89 Fed. Appx. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Taylor v. Stanciel,* 202 Fed. Appx. 662, 663 (5th Cir. 2006) (holding that plaintiff failed to show how the alleged destruction of his legal

materials prevented him from preparing or filing a brief); *Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance).

In its Scheduling and Case Management Order [52], the court ordered Plaintiff to produce to Defendants the name and case number of his habeas corpus case that was allegedly dismissed due to the loss of his legal materials.  Plaintiff failed to produce this information to Defendant. *See* Memorandum [57].  Likewise, his Response [62] is also devoid of the style or case number of his habeas corpus action that was allegedly dismissed.

As Plaintiff has failed to provide the parties or the court with the case number of the habeas petition that was allegedly dismissed due to Defendant Kittrell's alleged actions, he has failed to demonstrate how he was actually injured or prejudiced by the alleged denial of access to the courts.  The court's search of the Case Management Electronic Case Filing System[3] revealed the following habeas corpus action filed by Plaintiff: *Bolton v. State of Mississippi*, No. 2:01cv43.  In this action, which is presumably the action referenced in Plaintiff's allegations, Plaintiff filed a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Plaintiff appealed the dismissal of his petition to the Fifth Circuit Court of Appeals on July 16, 2004, and the appeal was dismissed as untimely on October 7, 2004.

Plaintiff's habeas petition was dismissed over a year prior to the alleged property deprivation by Defendant Kittrell on November 9, 2005.  Accordingly, Plaintiff was not injured or prejudiced by the alleged actions of Kittrell.  Thus, Defendant is entitled to judgment as a

---

[3]*See* https://ecf.mssd.circ5.dcn/cgi-bin/ShowIndex.pl.

matter of law on this claim.  *See Dickerson v. Jordan*, 34 Fed. Appx. 962, No. 01-21106, 2002

WL 663719, at *1 (5th Cir. March 26, 2002) (affirming dismissal of claim for denial of access to

courts because plaintiff failed to allege an actual injury); *Morgan v. Goodwin*, 193 F.3d 1518,

No. 98-21069, 1999 WL 706222, at *1 (5th Cir. Aug. 24, 1999) (affirming dismissal of claim for

denial of access to courts because plaintiff failed to prove that his legal position was prejudiced

by the alleged violation; plaintiff failed to allege which claims he was prevented from presenting

to the courts).

Deprivation of Property[4]

Plaintiff alleges that on November 9, 2005, he was involved in an altercation and

Defendant Louis Kittrell ordered another officer to take his personal and legal property.  (Tr. 12.)

Plaintiff claims that his personal property items, including food, toiletry items, appliances,

cassette tapes, and batteries, were taken and never returned. (Tr. 13-14.)

It is well-established that neither negligent nor intentional deprivations of property violate

due process where there is an adequate state tort remedy available.  *Daniels v. Williams*, 474 U.S.

327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Numerous Fifth Circuit cases have

upheld dismissal of prisoners' suits for property deprivation because of the availability of state

law remedies.  *See, e.g.*, *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996) (*per curiam*);

*Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d

761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional

---

[4]Although Defendants have not moved for summary judgment on this claim, the court is nevertheless authorized to address and dispose of this claim on its merits pursuant to 28 U.S.C. § 1915(e)(2). *See supra, Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990).

conversions of property.   *See*, *e.g.*, Miss. Code Ann. § 11-38-1 *et seq.* (claim and delivery); Miss. Code Ann. § 11-37-101 *et seq.* (replevin).  It is Plaintiff's burden to establish that these post-deprivation remedies are not adequate.  *Myers*, 97 F.3d at 94-95 (citations omitted). Plaintiff has failed to allege, must less provide any evidence, that these remedies are not adequate.  Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process."  *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, Plaintiff's remedy lies not in a Section 1983 action, but in a tort claim under state law.

Accordingly, Plaintiff has failed to state a claim for which relief can be granted, and this claim should be dismissed pursuant to Section 1915(e)(2).

CONCLUSION

For the reasons stated above, the court finds that Defendants' Motions for Summary Judgment [56] [59] on Plaintiff's claims for the denial/delay of adequate medical treatment and denial of access to the courts are GRANTED, and that Plaintiff's claim for property deprivation is dismissed pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly, this action is hereby dismissed with prejudice.  This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).  *See Carson v. Holton*, No. 06-11254, 2007 WL 2051969, at *1 (5th Cir. July 18, 2007).

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 28th day of July, 2008.

s/ Michael T. Parker
United States Magistrate Judge

11